06/16/2006  15:09    8569356551                    SALEM CIVIL CASE MGT                    PAGE  02/18

The Law Firm of
PHILIP STEPHEN FUOCO
24 Wilkins Place
Haddonfield, NJ 08033
(856) 354-1100

and

SHABEL & DeNITTIS, P.C.
5 Greentree Centre, Suite 302
Marlton, NJ 08053
(856) 797-9951
Attorneys for Plaintiff



| Donald Coles, on behalf of himself and all others similarly situated, | SUPERIOR COURT OF NEW JERSEY CHANCERY DIVISION GENERAL EQUITY PART SALEM COUNTY |
|---|---|
| Plaintiff, | |
| v. | DOCKET NO. C-16-06 |
| E.I. du Pont de Nemours & Company, | |
| Defendant | **CLASS ACTION COMPLAINT** |

### Introduction

1. This is a class action brought on behalf of all persons whose primary residential drinking water is delivered by the Pennsville Township Water Department and/or the Pennsgrove Water Supply Company.

2. Through this class action, plaintiff seeks to determine the extent of contamination of these sources of drinking water by Perfluorooctanoic Acid and its salts (PFOA), a likely human carcinogen.

3. This class action requests declaratory, injunctive and equitable relief, including a court-supervised program of medical surveillance.



RECEIVED AND FILED

JUN 14 2006

SUPERIOR COURT OF NEW JERSEY
SALEM COUNTY, GENERAL EQUITY

## Venue

4. Venue is proper in this court as plaintiff seeks equitable relief as described in the landmark decision <u>Ayers v. Jackson Twp.</u>, 106 N.J. 557 (1987).

5. Venue is proper in this county since defendant's actions which resulted in the contamination of the class' water supply occurred and continue to occur in Salem County at defendant's Chambers Works Plant.

## The Parties

6. Plaintiff Donald Coles is a citizen and resident of the Township of Pennsville, Salem County, New Jersey.

7. Defendant E.I. du Pont de Nemours & Company, Inc. ("du Pont") is a Delaware corporation, with its principal place of business located in Wilmington, Delaware.

## Factual Basis for the Relief Requested

8. On May 30, 2006, the Science Advisory Board of the United States Environmental Protection Agency (EPA) issued a final report concluding that PFOA was a likely human carcinogen.

9. PFOA has been found in the water supplies of both the Pennsville Township Water Department and the Pennsgrove Water Supply Company.

10. PFOA has been released by du Pont into the air, surface water and ground water from its Chambers Works Plant.

11. PFOA is known to never break down in water, soil, or the human body.

12. Once released into the environment PFOA is persistent in the environment.

13. PFOA is bioretentive.

Superior Court of New Jersey
Cumberland/Gloucester/Salem

JUN 14 2006

FINANCE DIVISION
Received

14. PFOA is bioaccumulative.

15. PFOA is biopersistent.

16. PFOA is a known animal carcinogen.

17. PFOA is a toxin in the liver of animals.

18. PFOA has been found to be associated with developmental defects in animals.

19. At least by May 2000, 3M, the original manufacturer of PFOA, decided to terminate the manufacture and sale of PFOA, citing inter alia, the biopersistent nature of the chemical.

20. PFOA is not a naturally occurring substance; any PFOA found in human blood serum and/or plasma is attributable to industrial acts.

21. In or about August 2001 a class action lawsuit was filed against du Pont alleging that it had contaminated community drinking water supplies with PFOA near its Washington Works Plant in West Virginia.

22. The Washington Works Plant engages in activities which, like the Chambers Works Plant, resulted in the release of PFOA into the environment.

23. In January 2002 the West Virginia Department of Environmental Protection determined that PFOA in human drinking water supplies "presented possible health risks to the public."

24. Sometime in 1999 du Pont began sending its PFOA wastes from the Washington Works Plant to its Chambers Works Plant. After that all Chambers Works employees who had "any potential for exposure" to PFOA were provided with special medical testing to detect, inter alia, PFOA in their blood.

25. In March 2002 du Pont entered into a Consent Order with the United States EPA.

**RECEIVED AND FILED**
JUN 14 2006
SUPERIOR COURT OF NEW JERSEY
SALEM COUNTY, GENERAL EQUITY

Superior Court of New Jersey
Cumberland/Gloucester/Salem

JUN 14 2006

FINANCE DIVISION
Received

3

wherein du Pont agreed to provide "a temporary alternate drinking water supply" for persons whose water was contaminated with PFOA.

26. In 2003 du Pont admitted in reports required to be submitted to the West Virginia Department of Environmental Protection that they were likely responsible for PFOA contamination in community water supplies near its Washington Works Plant.

27. In September 2003 du Pont admitted that PFOA from its Chambers Works Plant was released into the air and was infiltrating the ground water, and the Delaware River.

28. du Pont has further admitted that it had dumped thousands of pounds of PFOA into the Delaware River and into a landfill at the Chambers Works Plant.

29. In order to settle the class action involving PFOA at its West Virginia plant, du Pont agreed to:

a. pay for installation of water treatment systems for the surrounding communities, which will reduce the PFOA contamination of the water supplies;

b. pay for bottled water for those communities that have PFOA contamination until the treatment systems are completed;

c. fund a study to determine the risks associated with exposure to PFOA and to fund a program of medical surveillance, if needed.

30. To date, du Pont has refused to provide any relief to the residents contiguous to its Chambers Works Plant in Salem County.

**Class Action Allegations**

31. Plaintiff brings this action as a class action pursuant to R. 4:32, on behalf of a class defined as:

Superior Court of New Jersey
Cumberland/Gloucester/Salem

RECEIVED AND FILED
JUN 19 2006
SUPERIOR COURT OF NEW JERSEY
SALEM COUNTY, GENERAL EQUITY

JUN 19 2006
FINANCE DIVISION
Received

> All persons whose primary source of residential drinking water is delivered by the Pennsville Township Water Department or the Pennsgrove Water Supply Company.

32. Plaintiff is unable to state the exact number of class members, but avers that, at last count, the population of Pennsville Township was 11,671; and the Pennsgrove Water Supply Company served 15,166 people.

33. There are numerous common questions of fact affecting the rights of class members, including inter alia:

   a. the toxicity of the chemicals involved;

   b. whether PFOA is a hazardous substance;

   c. the significance of class members' exposure to PFOA;

   d. the seriousness of any disease(s) associated with exposure to PFOA;

   e. the relative increase in the chance of onset of disease during the time exposed to PFOA;

   f. the value of early detection of any disease(s);

   g. whether exposure to PFOA causes an increased risk of future bodily injury.

34. There are numerous common questions of law affecting the rights of class members, including, inter alia:

   a. whether plaintiff must suffer bodily injury to invoke medical surveillance;

   b. whether plaintiff must allege and prove causation, rather than exposure;

   c. whether drinking water that has been found to contain PFOA is direct exposure to a toxic substance;

   d. whether medical surveillance to monitor the effect of exposure to PFOA is reasonable

Superior Court of New Jersey
Gloucester/Salem
Cumberland

RECEIVED AND FILED      JUN 14 2006
JUN 14 2006             FINANCE DIVISION
SUPERIOR COURT OF NEW JERSEY      Received
SALEM COUNTY, GENERAL EQUITY

and necessary;

e. whether requiring defendant to test for PFOA in plaintiff's blood levels is reasonable and necessary;

f. whether defendant breached its duty to exercise reasonable care to avoid foreseeable harm to the real property owned by the class;

g. whether defendant has negligently allowed PFOA to be emitted from its Chambers Works Plant;

h. whether defendant, in the operation of its Chambers Works Plant has caused a trespass onto property owned by the class;

i. whether defendant has operated its Chambers Works Plant in a manner that unreasonably deprives plaintiff and the class of their right to the free use and enjoyment of their property;

j. whether defendant operated its facility in a manner that it knew, or should have known, would cause injury to plaintiff and the class;

k. whether defendant failed to employ reasonable precautions and safeguards to minimize or eliminate the damage that has been done, and is continually being done, to property owned by the class.

35. Plaintiff is a member of the class he seeks to represent and his claims are typical of all class members in that plaintiff's claims arise from the same factual and legal basis as those of the class.

36. All members of the class, including plaintiff, have been damaged in the same manner by the actions complained of herein.

6

RECEIVED AND FILED

JUN 14 2005

SUPERIOR COURT OF NEW JERSEY
SALEM COUNTY, GENERAL EQUITY

37. Plaintiff will thoroughly and adequately protect the interests of the class, having retained qualified and competent legal counsel to represent himself and the class.

38. Plaintiff has no interest antagonistic to that of the class, has no current symptoms of any bodily injury that he can associate with defendant's actions, and does not bring this action to recover for personal bodily injury.

39. The prosecution of separate actions by individual class members will create a risk of inconsistent or varying adjudications.

40. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

41. du Pont has acted and refused to act on grounds generally applicable to the entire class, thereby making injunctive and equitable relief appropriate for the entire class.

### Allegations Giving Rise to the Litigation

42. Plaintiff and the class have had direct exposure to PFOA.

43. Exposure to PFOA creates a recognized health risk.

44. Plaintiff and the class currently have not been diagnosed with actual identifiable bodily injury or condition relating to that exposure.

45. As noted above, the EPA has recognized a significant, but presently unmeasurable risk of contracting cancer as a result of exposure to PFOA.

46. Cancer and other illnesses associated with PFOA, typical of illnesses caused by chemical toxins, have a long latency period.

47. Thus the task of proving that exposure to PFOA released into the environment by du Pont is the proximate cause of cancer and other illnesses to which the class members at risk is



RECEIVED AND FILED      JUN 14 2006
JUN 14 2006
SUPERIOR COURT OF NEW JERSEY
SALEM COUNTY, GENERAL EQUITY

FINANCE DIVISION
Received

invariably made more complex.

48. Plaintiff and all class members have had significant exposure to PFOA as a result of the actions and inactions of defendant.

49. As a result, plaintiff and the class have a significantly increased risk of injury which has been enhanced by du Pont's conduct.

50. Upon information and belief, it is medically advisable for plaintiff and the class:

a. to have their residential water supplies tested for contamination by PFOA;

b. to have their blood serum/plasma tested for contamination by PFOA.

51. The existence of PFOA in the air, ground water and drinking water to which plaintiff and the class are exposed gives rise to a reasonable medical concern for the public health.

52. Clearly there is great value in the early detection of toxic levels of PFOA in the bloodstream of plaintiff and the class, especially considering the seriousness of the diseases with which exposure to PFOA is associated.

53. Upon information and belief, there is significant medical benefit in assuring early detection of PFOA in the bloodstream and/or symptoms of the serious diseases with which PFOA exposure is associated.

54. But for the actions of du Pont in dumping PFOA into the air, ground, ground water and the Delaware River, plaintiff and the class would not be required to undergo medical surveillance of PFOA levels in their bloodstream or their water supply.

## COUNT ONE

**Injunctive Relief in the Form of a Court Administered Program**

Superior Court of New Jersey
Cumberland/Gloucester/Salem

sRECEIVED AND FILED   JUN 14 2006

JUN 14 2006
SUPERIOR COURT OF NEW JERSEY
SALEM COUNTY, GENERAL EQUITY

FINANCE DIVISION
Received

## for Medical Surveillance, Periodic Monitoring & Testing, Education and Warning

55. Plaintiff and the class incorporate all prior allegations of the class complaint.

56. Persons exposed to toxic chemicals have an increased risk of invisible genetic injury and/or an enhanced susceptibility to cancer.

57. The existence of PFOA in the air and water gives rise to a reasonable medical concern for the public health.

58. In this instance the public health interest justifies judicial intervention even though the risk of contracting disease is problematic.

59. The existence of this risk to plaintiff and the class requires abatement of the health hazard on reasonable terms as a precautionary and preventive measure.

60. Because of the significance and extent of exposure to PFOA by plaintiff and the class, the need for the monitoring of water supplies and medical surveillance is both medically anticipated and necessary to prevent or mitigate serious future illness.

61. It would be inequitable to require plaintiff and the class, under the circumstances set forth herein, to pay their own expenses when medical intervention is clearly reasonable and necessary.

62. Medical surveillance will permit the early detection and treatment of maladies.

63. Here, the class is in need of equitable relief in the form of a program of medical surveillance, periodic testing of water supplies, education, and adequate notice and warning to protect class members from the dangerous conditions described herein.

64. Equity demands that neither class members, nor taxpayers, should have to bear the burden of funding such a program, which is made necessary by the conduct of defendant.

9

Superior Court of New Jersey
Gloucester/Salem
Civil Case

RECEIVED AND FILED JUN 14 2006

JUN 14 2006        FINANCE DIVISION
                        Received
SUPERIOR COURT OF NEW JERSEY
SALEM COUNTY, GENERAL EQUITY

65. Accordingly, the class seeks an order directing that such a program be established, to be administered by the court under its equitable powers, with defendant being ordered to pay the costs associated with such a program, for as long as the court deems necessary.

## COUNT TWO

### STRICT LIABILITY
### RESTATEMENT (SECOND) TORTS § 520

66. Plaintiff and the class incorporate all prior allegations of the class complaint.

67. By the acts alleged, defendant is strictly liable for all harm to the class caused by its activities at the Chambers Works Plant.

68. Defendant knew or should have known that the operations at the Chambers Works Plant would create a high degree of risk to the person and property of plaintiff and the class.

69. These activities were not a matter of common usage and created a significant likelihood that any harm would be substantial.

70. Moreover, the activities conducted by defendant were not appropriate to the place where they were being conducted. These activities were carried on in close proximity to established residential neighborhoods.

71. As defendant is aware, the prevailing environmental conditions virtually guarantee that any particulate matter emanating from defendant's operations will be carried onto the person and property of the class.

72. Despite these facts, defendant elected to conduct these activities in an inappropriate location, thereby becoming strictly liable for any and all damage and injury that these activities might cause.

10

RECEIVED AND FILED Superior Court of New Jersey
Cumberland/Gloucester/Salem
JUN 19 2006
SUPERIOR COURT OF NEW JERSEY
SALEM COUNTY, GENERAL EQUITY

JUN 19 2006
FINANCE DIVISION
Received

73. Plaintiff and class have suffered great injury to their person and property as a result of these activities.

## COUNT THREE

### PRIVATE NUISANCE

74. Plaintiff and the class incorporate all prior allegations of the class complaint.

75. Defendant has operated the Chambers Works Plant in a manner that has caused excessive and unreasonable amounts of noxious and toxic chemicals, in the form, inter alia, of dust, solids and liquid to be inflicted on plaintiff and the class.

76. These effects, and defendant's failure to take adequate and reasonable steps to mitigate them, have interfered in a substantial way with the rights of plaintiff and the class to the free use and enjoyment of their lands and has caused substantial injury to the person and real property of plaintiff and the class.

77. At all relevant times, defendant knew or should have known of these effects and that the failure to take adequate and reasonable precautions to avoid these conditions would cause substantial interference and harm to be inflicted on plaintiff and the class.

78. Defendant knew or should have known that the manner in which operations at the Chambers Works Plant were being conducted was likely to create a nuisance condition so as to interfere with the use and enjoyment of property owned by the class.

79. Indeed, upon information and belief, defendant placated West Virginia and Ohio residents and authorities who expressed concern about similar conditions in their communities.

80. No such warning or consideration was ever given to plaintiff and the class by

11 RECEIVED AND FILED
JUN 14 2006
SUPERIOR COURT OF NEW JERSEY
SALEM COUNTY, GENERAL EQUITY

defendant, who was fully aware of the environmental and contamination risks associated with PFOA.

81. In any event, defendant has had actual knowledge for years that substantial injury was being inflicted upon plaintiff and the class by the activities at the Chambers Works Plant. This knowledge is demonstrated by, inter alia, the fact that defendant has initiated the aforesaid remediation and mitigation at its West Virginia locations, attempting to control contamination by PFOA. Despite this knowledge, defendant has failed to take reasonable precautions to minimize or eliminate the conditions causing this same injury at its Chambers Works Plant.

82. Accordingly, defendant's conduct not only rises to the level of negligent interference with the use and enjoyment of land; it also constitutes intentional interference with such use and enjoyment because of defendant's persistent refusal to eliminate or mitigate these conditions.

83. The nuisance created by defendant has directly caused substantial physical harm to the property belonging to plaintiff and the class as well as substantial harm to their use and enjoyment of their land. It continues on an ongoing basis to this day.

### COUNT FOUR

### PUBLIC NUISANCE
### RESTATEMENT (SECOND) TORTS § 821(e)

84. Plaintiff and the class incorporate all prior allegations of the class complaint.

85. By the acts and omissions alleged herein, defendant has created a public nuisance by substantially interfering with rights to which all class members are entitled as members of the public at large within the area of Salem County affected by defendant's Chambers Works Plant.

RECEIVED AND FILED

12  JUN 14 2005

SUPERIOR COURT OF NEW JERSEY
SALEM COUNTY, GENERAL EQUITY

86. Defendant's action in conducting these activities, and failing to mitigate the damages being caused by these activities, has been unreasonable and/or intentional and has caused significant health risks as well as substantial impairment of the rights of the general public to be free from contamination by toxic and noxious chemicals.

87. Pursuant to Restatement (Second) Torts §821(c), plaintiff and the class have standing to seek an injunction to abate this public nuisance and to require defendant to implement all reasonable safeguards to mitigate or eliminate the problems.

## COUNT FIVE

### TRESPASS

88. Plaintiff and the class incorporate all prior allegations of the class complaint.

89. By the acts alleged herein, defendant is liable for a continuing trespass onto the lands belonging to plaintiff and the class by causing repeated physical invasions of these lands by dust, particulate matter, contaminated water and ground water.

90. The activities of the defendant at the Chambers Works Plant has caused, and continues to cause dust and particulate matter to infiltrate the homes, lands and chattels of plaintiff and the class.

91. The operations conducted by the defendant have also resulted in the migration of PFOA through the air, ground water and Delaware River and onto the property of plaintiff and the class.

92. At all relevant times, defendant was aware that its activities were causing these physical invasions of property owned by plaintiff and the class.

Superior Court New Jersey
Cumberland/Gloucester/Salem

RECEIVED AND FILED      JUN 14 2006

JUN 14 2006             FINANCE DIVISION
                        Received
SUPERIOR COURT OF NEW JERSEY
SALEM COUNTY. GENERAL EQUITY

93. Defendant was also aware that these invasions were causing physical damage to that property as well as substantial interference with the class' use and enjoyment of their land.

94. Despite this, defendant has failed, and continues to refuse, to take adequate and reasonable steps to halt this continuing trespass.

## COUNT SIX

### PUNITIVE DAMAGES

95. Plaintiff and the class incorporate all prior allegations of the class complaint.

96. The Toxic Substance Control Act (TSCA) was enacted by Congress in 1976, to enable the EPA to track the uses and health effects of chemicals.

97. Under regulations issued pursuant to TSCA, du Pont was required to report to the EPA known adverse findings associated with PFOA .

98. Despite having knowledge, from as early as 1981, of adverse health effects associated with PFOA, that were required to be reported, du Pont failed to do so.

99. This failure was not the product of mere negligence.

100. By these actions, defendant recklessly, knowingly and willfully disregarded the rights of plaintiff and the class.

101. The conduct of du Pont in causing, permitting and allowing the release of PFOA into the environment at its Chambers Works Plant is more than mere negligence.

102. du Pont's conduct involved deliberate acts or omissions with knowledge of a high degree of probability of harm to plaintiff and the class.

103. The conduct of the defendant was grossly negligent, reckless, willful and in knowing disregard of the rights of plaintiff and the class.

14

RECEIVED AND FILED
JUN 14 2006
SUPERIOR COURT OF NEW JERSEY
SALEM COUNTY, GENERAL EQUITY

Superior Court of New Jersey
Cumberland/Gloucester/Salem

JUN 14 2006
FINANCE DIVISION
Received

104. As a result of defendant's reckless, wanton and willful conduct, plaintiff and the class have been severely injured, rendering defendant liable for punitive damages.

### COUNT SEVEN

### Negligence

105. Plaintiff and the class incorporate all prior allegations of the class complaint.

106. It was at all times foreseeable to defendant that the operation of the Chambers Works Plant at its present location, without adequate and reasonable safeguards, would cause injury to the person and real property of plaintiff and the class as alleged herein.

107. Despite this, defendant failed to provide such reasonable safeguards and to take other reasonable actions that a prudent person under similar circumstances would have taken to eliminate or minimize such risk of danger to plaintiff and the class.

108. The conduct of defendant in the operation and maintenance of the Chambers Works Plant is both a proximate cause and a cause in fact of the substantial injuries inflicted, and continuously being inflicted, on plaintiff and the class.

109. By virtue of the negligent, reckless and/or intentional conduct of the defendant in the operation and maintenance of the Chambers Works Plant, the person and certain legally protected interests of plaintiff and the class have been invaded.

110. As a result of defendant's conduct, the property of plaintiff and the class has been injured. Ayers v. Jackson Twp., 106 N.J. 557, 592 (1987).

111. As a result of defendant's conduct, the person of plaintiff and the class has been injured. Ayers, supra.

15

RECEIVED AND FILED
JUN 14 2006
SUPERIOR COURT OF NEW JERSEY
SALEM COUNTY, GENERAL EQUITY

Superior Court of New Jersey
Gloucester/Salem
Cumberland
JUN 14 2006
FINANCE DIVISION
Received

## PRAYER FOR RELIEF

WHEREFORE, plaintiff asks this court to:

a. Certify this matter as a class action pursuant to R. 4:32;

b. Grant declaratory and injunctive relief to the plaintiff class, directing defendant to abate the nuisance and/or to take all reasonable and adequate steps needed to eliminate or mitigate this nuisance;

c. Enter an order requiring du Pont to install community wide filtration systems to eliminate PFOA contamination from each class member's home;

d. Enter an order for injunctive relief establishing, under the court's equitable powers, and at defendant's expense, a court administered program for:

    i. the inspection of the residential water supplied to class members;

    ii. medical surveillance and special maintenance to reduce the health risks and other dangers associated with PFOA contamination; and

    iii. educational programs requiring, *inter alia*, du Pont to distribute a court approved form of notice to the class which accurately advises them of the hazardous nature of PFOA and adequately advises them of the manner in which contamination may be eliminated or mitigated;

e. Enter judgment in favor of each class member for the injuries suffered as a result of the conduct alleged herein, to include interest and pre-judgment interest;

f. Award plaintiff reasonable attorneys' fees and costs;

g. Award the class punitive damages as a result of the intentional, willful and reckless conduct of defendant;

16

RECEIVED AND FILED
JUN 14 2006
SUPERIOR COURT OF NEW JERSEY
SALEM COUNTY, GENERAL EQUITY

h. Grant plaintiff and the class such other and further legal, equitable and declaratory relief as justice requires.

The Law Firm of
PHILIP STEPHEN FUOCO

BY: _____
    Philip Stephen Fuoco

and

SHABEL & DENITTIS, P.C.
5 Greentree Centre, Suite 302
Route 73 South
Marlton, NJ 08053

Dated: June 13, 2006

## CERTIFICATION

I hereby certify, pursuant to R. 4:5-1, that to the best of my knowledge, information and belief at this time the matter in controversy is not the subject of any other action pending in any court, nor of any pending arbitration proceeding, that no other action or arbitration is contemplated, and further that there are no other parties who should be joined in this action. However there is a Federal matter Rowe v. Du Pont (DNJ)

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Philip Stephen Fuoco, Esquire and Norman Shabel, Esquire are designated as trial counsel.

The Law Firm of
PHILIP STEPHEN FUOCO

BY: _____
    Philip Stephen Fuoco

and

SHABEL & DENITTIS, P.C.
5 Greentree Centre, Suite 302
Route 73 South
Marlton, NJ 08053

RECEIVED AND FILED
JUN 19 2006
SUPERIOR COURT OF NEW JERSEY
SALEM COUNTY, GENERAL EQUITY

Superior Court of New Jersey
Cumberland/Gloucester/Salem
JUN 14 2006
FINANCE DIVISION
Received

17

The Law Firm of
PHILIP STEPHEN FUOCO
24 Wilkins Place
Haddonfield, NJ 08033
(856) 354-1100

and

SHABEL & DeNITTIS, P.C.
5 Greentree Centre, Suite 302
Marlton, NJ 08053
(856) 797-9951
Attorneys for Plaintiff

Superior Court of New Jersey
County of ...

JUN ... 2006

FINANCE DIVISION
Received

**RECEIVED AND FILED**
JUN 14 2006
SUPERIOR COURT OF NEW JERSEY
SALEM COUNTY, GENERAL EQUITY

| | |
|---|---|
| Donald Coles, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>E.I. du Pont de Nemours & Company,<br><br>Defendant | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION<br>GENERAL EQUITY PART<br>SALEM COUNTY<br><br>DOCKET NO. C-16-06<br><br>**CLASS ACTION**<br><br>**SUMMONS** |

### THE STATE OF NEW JERSEY, TO THE ABOVE NAMED DEFENDANT:

YOU ARE HEREBY SUMMONED in a Civil Action in the Superior Court of New Jersey, instituted by the above named plaintiff(s), and required to serve upon the attorney(s) for the plaintiff(s), whose name(s) and office address(es) appear above, an answer to the annexed complaint within 35 days after service of the summons and complaint upon you, exclusive of the date of service. If you fail to answer, judgment by default may be rendered against you for the relief demanded in the complaint. You shall promptly file your answer and proof of service thereof in duplicate with the Clerk of the Superior Court at 92 Market Street, Salem, NJ 08079 in accordance with the Rules of Civil Practice and Procedure.

If you cannot afford to pay an attorney, call a legal services office. An individual not eligible for free legal assistance may obtain a referral to an attorney by calling a county lawyer referral service. These numbers may be listen in the yellow pages of your phone book. The phone numbers for the county in which this action is pending are: Lawyer Referral Service, (856) 935-5629, Legal Services Office (856) 451-0003.

/s/ Donald F. Phelan
Clerk of the Superior Court

Superior Court of New Jersey
Cumberland/Gloucester/Salem

Dated: June 14, 2006

JUN 14 2006
FINANCE DIVISION
Received

Name of Defendant to be served: E.I. du Pont de Nemours & Company
Address for Service:            Route 130
                                Deepwater, NJ 08023