[Dkt. No. 205]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| MISTY SCOTT, | |
| Plaintiff, | Civil No. 06-3080 (RMB) |
| v. | |
| E.I. DUPONT DE NEMOURS AND COMPANY, | **OPINION** |
| Defendant. | |

Appearances:

Attorney for Plaintiff
    Shari M. Blecher
    Lieberman & Blecher, P.C.
    10 Jefferson Plaza Suite 100
    Princeton, NJ 08540

Attorney for Defendant DuPont
    Roy Alan Cohen
    Porzio, Bromberg & Newman, PC
    100 Southgate Parkway
    P.O. Box 1997
    Morristown, NJ 07962

**BUMB,** United States District Judge:

This matter comes before the Court on a motion to dismiss Count Six of Plaintiff's Second Amended Complaint brought by Defendant E.I. Dupont de Nemours and Company ("DuPont").

1

**Procedural Background**

This case first began when Plaintiff Donald Coles ("Coles") filed a Complaint on behalf of himself and a class of alleged plaintiffs in the Chancery Court in Salem County, New Jersey, on June 14, 2006. The original Complaint contained claims based on New Jersey medical monitoring, strict liability, private nuisance, public nuisance, trespass, punitive damages, and negligence. On July 7, 2006, DuPont properly removed the action to this Court based on diversity jurisdiction.

On November 21, 2006, counsel for Coles sent a letter to counsel for DuPont informing DuPont that Coles intended to "institute a claim under N.J.S.A. 2A:35A-4(b)" of the New Jersey Environmental Rights Act (the "ERA"). (Letter from Joseph A. Osefchen[1] to Roy Alan Cohen, dated Nov. 21, 2006 (attached as Ex. B to Pl. Opp.)). Thereafter, on January 22, 2007, Coles filed an Amended Complaint, adding the claim under the ERA. (Am. Compl. [Dkt. No. 36]). The Amended Complaint also deleted the claims based on trespass and punitive damages and added Misty Scott ("Scott") as an additional plaintiff. (Id.).

On February 9, 2007, DuPont filed an Answer to the Amended Complaint and raised the following Twenty-Sixth Affirmative Defense:

---

[1] On March 20, 2009, Plaintiff filed a substitution of counsel; Plaintiff is now represented by Shari M. Blecher from the law offices of Lieberman & Blecher, P.C.. [Dkt. No. 251].

> The New Jersey Environmental Rights Act count of the Complaint should be dismissed based on plaintiffs' failure to comply with the notice of intention to commence an action in accordance with NJSA 2A:35A-11, including but not limited to notice to the Attorney General, the New Jersey Department of Environmental Protection, and all local governing body [sic] at least 30 days prior to commencement of any action. No such notice documents are appended to plaintiffs' complaint, and therefore, this count should be dismissed.

(Def. Answer to Am. Compl. [Dkt. No. 38]).

Subsequently, on March 14, 2007, counsel for Coles sent a letter to Linda Bonnette of the New Jersey Department of Environmental Protection, advising Ms. Bonnette of Coles' "intent to litigate claims under the New Jersey Environmental Rights Act... ." (Letter from Joseph A. Osefchen to Linda Bonnette, dated March 14, 2007 (attached as Ex. A to Pl. Opp.)). Copies of the letter were also sent to the Deputy Attorney General, the Mayor of Penns Grove Township, the Mayer of Pennsville Township, and the Mayor of Carneys Point Township. (Id.). Seven months later, on October 17, 2007, Plaintiff Scott filed a Second Amended Complaint, which dismissed Coles as a plaintiff in the case. (Sec. Am. Compl. [Dkt. No. 123]). No changes were made as to any of the claims, including the ERA claim in Count Six.

**Discussion**

The notice provision of the New Jersey ERA provides in relevant part,

> [n]o action may be commenced pursuant to this act

>    unless the person seeking to commence such suit shall, at least 30 days prior to the commencement thereof, direct a written notice of such intention by certified mail, to the Attorney General, the Department of Environmental Protection, the governing body of the municipality in which the alleged conduct has, or is likely to occur, and to the intended defendant; provided, however, that if the plaintiff in an action brought in accordance with the "N.J. Court Rules, 1969," can show that immediate and irreparable damage will probably result, the court may waive the foregoing requirement of notice.

N.J. Stat. Ann. § 2A:35A-11. The language of this provision clearly states that a plaintiff seeking to bring a claim under the ERA must provide at least 30 days notice to the various governmental entities as well as the intended defendant prior to commencing the suit.

The ERA notice provision "is a mandatory condition precedent to bringing a private cause of action under the ERA... ." Player v. Motiva Enterprises, LLC, 240 Fed. Appx. 513, 524 (3d Cir. 2007)[2]; see also Hallstrom v. Tillamook County, 493 U.S. 20, 31 (1989) (holding that requirements in an analogous notice provision in the Resource Conservation and Recovery Act are "mandatory conditions precedent to commencing suit" and that "a

---

[2] The Court recognizes that the Third Circuit's decision in Player is not a published decision and, therefore, is not deemed precedential. However, the decision is still helpful as persuasive authority, particularly in light of its apt reasoning, which was derived from a published Supreme Court decision, Hallstrom v. Tillamook County, 493 U.S. 20, 31 (1989). Furthermore, given the dearth of alternative authority on this specific issue, this Court has no qualms about relying on the Player decision.

district court may not disregard these requirements at its discretion"); Hawksbill Sea Turtle v. Federal Emergency Mgt. Agency, 126 F.3d 461, 471 (3d Cir. 1997) (pursuant to analogous notice provision in the Endangered Species Act, "[p]roviding notice to [the government entities] is a prerequisite to suit") (citing Hallstrom, 493 U.S. at 31). Failure to comply with this statutory notice provision requires dismissal of the suit. Player, 240 Fed. Appx. at 524; Hallstrom, 493 U.S. at 33 (where a party fails to meet the statutory notice requirements, "the district court must dismiss the action as barred by the terms of the statute").

    In this case, DuPont argues that Plaintiff failed to comply with the ERA notice provision because they only provided the requisite notice of their ERA claim to DuPont and not to the governmental entities. Plaintiff contends that she did comply with the notice provision because her counsel sent notice to the governmental entities seven months before she filed the Second Amended Complaint, which she argues is "the current operative complaint[.]" (Pl. Opp. at 2). There can be no doubt that Plaintiff initially failed to provide 30 days notice of her ERA claim to the government entities because the November 21, 2006, notice letter was sent only to DuPont. The question is whether Plaintiff effectively cured this defect by sending notice to the governmental entities on March 14, 2007, and subsequently filing

the Second Amended Complaint.

The ERA notice provision states that "[n]o action may be <u>commenced</u> ... unless the person seeking to commence such suit shall, at least <u>30 days prior to the commencement thereof</u>, direct a written notice of such intention" to the requisite entities. N.J. Stat. Ann. § 2A:35A-11 (emphasis added). The words "commenced" and "commencement" indicate that the notice must be provided 30 days before the <u>beginning</u> of the suit (or, in this case, the claim), not 30 days before any amendment thereto. This is the plain meaning of the statute, which this Court must apply. <u>Hallstrom</u>, 493 U.S. at 31 (refusing to disregard the plain language of the statutory provision); <u>see also</u> <u>Garcia v. Cecos Inter., Inc.</u>, 761 F.2d 76, 81 (1st Cir. 1985) (stating that "[t]he Supreme Court has demanded strict adherence to statutory provisions for citizens' suits in environmental litigation" and refusing to "dismiss RCRA's [notice provision] as a formality or a procedural provision") (citing <u>Middlesex County Sewerage Authority v. Nat'l Sea Clammers Ass'n</u>, 453 U.S. 1, 18 (1981)).[3]

---

[3] The interpretation of statutory notice provisions in the Third Circuit has not always been so strict. Indeed, in <u>Pymatuning Water Shed Citizens v. Eaton</u>, 644 F.2d 995 (3d Cir. 1981), <u>abrogated by</u> <u>Hallstrom</u>, 493 U.S. at 31, the Third Circuit upheld an action under the Federal Water Pollution Control Act despite the plaintiff's failure to comply with the sixty-day notice requirement. In that case, the Court of Appeals adopted a "pragmatic approach" to the notice requirement, stating that "the notice provision is procedural and that failure to abide by its terms does not [require dismissal]." <u>Id.</u> However, this decision was discussed in and explicitly abrogated by the Supreme Court's

Based on the clear language of the ERA notice provision, this Court cannot find that Plaintiff has complied with it. Plaintiff "commenced" her ERA claim on January 22, 2007, when she filed an Amended Complaint which first added the ERA claim. She did not provide notice of the ERA claim to the governmental entities until March 14, 2007, almost two months after the "commencement" of the claim. This does not comply with the ERA notice provision. Plaintiff's attempt to cure the notice defect by subsequently filing the Second Amended Complaint cannot save her because the Second Amended Complaint did not serve as the "commencement" of the ERA claim. Indeed, the only change it instituted was the dismissal of Coles as a plaintiff. Thus, the Second Amended Complaint had nothing to do with the ERA claim or any of the other claims, for that matter.

Additionally, the Court rejects Plaintiff's attempt to analogize this case to discrimination cases brought under Title VII. In a Title VII case, <u>Zipes v. Trans World Airlines, Inc.</u>, 455 U.S. 385, 393 (1982), the Supreme Court held that "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." Thus, the Court recognized a distinction between a "condition precedent" and a

---

decision in <u>Hallstrom</u>. <u>Hallstrom</u>, 493 U.S. at 25 n.2, 26, 31.

"jurisdictional precedent" in the Title VII context. Plaintiff attempts to import that distinction into this case, arguing that where a notice requirement is deemed a "condition precedent" (rather than a "jurisdictional precedent"), "courts have held that a plaintiff who files suit without sending the notice first may 'cure' the defect by filing a late notice before the defendant moves to dismiss." (Pl. Opp. at 9 (citing Jones v. American State Bank, 857, F.2d 494, 499-500 (8th Cir. 1988)). According to Plaintiff's argument, because the Player decision refers to the ERA notice provision as a "condition precedent," Plaintiff could cure her initial notice defect by sending the required notice before DuPont moved to dismiss.

The Court declines to adopt Plaintiff's analogy. Unlike the ERA notice provision, the Title VII notice provisions do not contain the "no action may be commenced" language. The better analogy is the one already drawn by the Third Circuit in Player, where the Court of Appeals analogized the notice provision of the ERA to that of the Resource Conservation and Recovery Act (RCRA) because both provisions contained the same "no action may be commenced" language. Recognizing that the Supreme Court had already interpreted this language in the RCRA to mean that "compliance with the notice provision was a mandatory condition precedent to commencing a private suit under RCRA, and that a district court could not disregard that requirement[,]" the Third

8

Circuit held that the same language in the ERA must also be a mandatory condition precedent. Player, 240 Fed. Appx. at 523 (citing Hallstrom, 493 U.S. at 31). Neither Hallstrom nor Player mentions the possibility that a plaintiff could cure a notice defect by filing a late notice before the defendant moves to dismiss. To the contrary, both the Supreme Court and the Third Circuit found that the failure to comply with a mandatory condition precedent is fatal to a plaintiff's claim.[4] Hallstrom, 493 U.S. at 33; Player, 240 Fed. Appx. at 524.

Finally, the Court rejects Plaintiff's argument that the notice requirement should be waived in this case pursuant to the statutory exception. The ERA notice provision allows a court to waive the notice requirement "if the plaintiff ... can show that

---

[4] It appears that the line between "condition precedent" and "jurisdictional precedent" is not as clear as Plaintiff would argue. In Hallstrom, the Supreme Court stated that because the statutory notice provision was so clearly a mandatory condition precedent, the Court did not have to determine whether the provision was technically jurisdictional or procedural. Hallstrom, 493 U.S. at 31 ("we need not determine whether [the notice provision] is jurisdictional in the strict sense of the term") (citing Fair Assessment in Real Estate Assn., Inc. v. McNary, 454 U.S. 100, 137 (1981) (Brennan, J., concurring in judgment) (noting that "the requirement of exhaustion of state administrative remedies was certainly a mandatory precondition to suit, and in that sense a 'jurisdictional prerequisite'")). Moreover, the Third Circuit has referred to the mandatory condition precedent in Hallstrom as a "jurisdictional precedent." Public Interest Research Group of New Jersey, Inc. v. Windall, 51 F.3d 1179, 1189 (3d Cir. 1995) (stating that "[i]n Hallstrom, the Supreme Court held that an analogous notice of intent to sue in the Resource Conservation and Recovery Act was a jurisdictional prerequisite to suit") (internal citation omitted).

9

immediate and irreparable damage will probably result... ."  N.J. Stat. Ann. § 2A:35A-11.  Plaintiff asserts that this exception should apply because "DuPont's motion makes no argument that the damage caused by PFOA contamination <u>is not</u> immediate or irreparable."  (Pl. Opp. at 11) (emphasis included).  However, as DuPont correctly states, the statutory language puts the burden on Plaintiff to show that immediate and irreparable damage will probably result.  (Def. Reply at 5).  Plaintiff offers nothing to meet this burden, stating only that "circumstances exist in the case at bar which would have allowed the Court to waive the notice requirement for the original ERA pleading... ."  (Pl. Opp. at 11).  This is insufficient.

**Conclusion**

For the reasons discussed above, Plaintiff's failure to provide the requisite notice to the governmental entities bars her claim under the New Jersey ERA.  Accordingly, Count Six of the Second Amended Complaint must be dismissed.  An appropriate order will issue this date.


Dated:   April 1, 2009            s/Renée Marie Bumb
                                  RENÉE MARIE BUMB
                                  UNITED STATES DISTRICT JUDGE

10